Here is the final case on the calendar, Redd v. Leftenant and Ruddy. You'll have, my understanding, you'll have six minutes. You've not asked for rebuttal time. No, I haven't, Your Honor. Okay. Good morning, Your Honors. I respectfully submit that the District Court erred when they dismissed my case. In dismissing my case, they violated my civil rights, my 4th, 7th, and 14th Amendment rights to the Constitution, which guarantee that no person shall be deprived of life, liberty, or property without due process of the law. And statutes 18 U.S.C. 241, 18 U.S.C. 242, 18 U.S.C. 1001, 18 U.S.C. 1503, 18 U.S.C. 1621, and torts which include but are not limited to malice, administration of justice, failure to train, malicious prosecution, malicious malice, failure to intervene, conspiracy, abuse of process, falsity of testimony, falsifying of evidence, defamation of character, violation of the Brady Disclosure Rule, equitable tolling, and ignoring the rule of law. Your Honors, there are factors here that should be tried by the fines of fact. We have, there's a statute of limitations issue, as you know. Right. And the allegations in your complaint, as I understand it, and please correct me if I'm misunderstanding it, have to do with an incident that took place in 2010. Yes. And you waited to file until September 2016, right? So why did you wait that long to file where the statute of limitations is, I believe, three years? Your Honor, I did due diligence in trying to get my case heard before, I mean, litigation and with the district court and the Supreme Court in Mineola for three years, from 2011 until 2013. They never, we were in, excuse me, I'm a little nervous. We were in litigation and they never certified the case until 2013. Then in 2013, when my case was certified, then they went and the district court, we were in Vaudeir, and the district court judge, the Supreme Court Justice decided that he was going to dismiss my case in the middle of Vaudeir. And that happened in 2015. In 2015, I was told to go back to the district court, to the district court in Hempstead and file a case before Judge Gianelli, who was the judge on the original case, to get my new evidence heard and to ask her to reopen the case. When I went to Judge Gianelli, she was on the, she had been elected to the Supreme Court in Nassau County. She wrote a letter to the district court in Hempstead and asked them to reopen my case. When I went to Hempstead, they gave me another judge, and that judge heard my case. He kept basically stalling, carrying my case, letting my adversaries have more time. More time. That took another year. Finally, I went to the, I went up the line. I exercised exhaustion remedies rule. I went up the line to the next court, which was the New York court of, the New York state court over the appellate court in Brooklyn. They ruled against me. Then I wrote to the judge in the state court, over the state court, Judge Janet, Judge Janet DeFore. She's the state Supreme Court highest judge. She took my case. She assigned it. When she assigned it, then the next judge ruled against me. Then, and I was still in, you know, doing the exhaustion of remedies. Then I went from that court over to the federal court, because I had exhausted all my remedies in the state court. And from there, I filed this case, because this was a civil rights violation. They violated my civil rights. I was a parole officer. The officers lied. They made up a whole entire story. I was stalked, and still am being stalked, by the same individual since 2009. Did that answer your question, Your Honor? Okay. So I can continue? Yes, please. Okay. The defendants were in possession of evidence and proof that would have exonerated me and absorbed me of any wrongdoing and alleged criminal offense. The defendant's appellees concealed that critical, vital, braiding material and exculpatory evidence from myself and my attorneys. The police and county defendant appellees failed to disclose any information concerning the videotapes or Calvin Taylor's true whereabouts on January 21, 2010. However, on January 25, 2012, two years while in the personal possession of defendant, a Pele lieutenant, that falsified videotape was given to me during discovery. This evidence upon its submission to me was contaminated. The other videotape still has not been located that they used to obtain probable cause. The district court also erred when they stated that my federal claims were time-barred under Section 42 U.S.C. 1983 and 1985. My federal claims are not time-barred. The defendant's appellees have participated in fraudulent concealment, which is not barred by the statute of limitations. The court believed in Bailey v. Glover 88 U.S. 342, that it should side on great weight of authority and apply the rule in suits of equity, that where the plaintiff had not been negligent in discovering the fraud, the statute of limitations should not run until the fraud was discovered by the party suing. The true whereabouts of Calvin Taylor on January 21, 2010, have yet to be discovered, and the true contents of the two videotapes have yet to be discovered. There has been no unreasonable delay. I have performed an exercise due diligence with regards to this case before the court. Furthermore, before the court, due to the exhaustion of remedies doctrine, the district court erred when they failed to consider whether the statute of limitations had run out for the police defendant's appellees when they allowed them to assert the affirmative defense of collateral estoppel. The district court erred in their order when they failed to consider or apply fraudulent concealment. The fraudulent concealment rule for which the statute of limitations is told. The county defendant's appellees do not enjoy immunity in this case under the color of state law and have not acted in a prosecutorial capacity to claim immunity or qualified immunity. The district court erred procedurally in his order when he stated that the county defendant's appellees enjoy absolute immunity. According to the New York CLS County Section 502, the county defendants do not have prosecutorial immunity under the 11th Amendment. They are not paid from the state treasury. County defendant's appellees are not absolutely immune by prosecutorial immunity when they are derelict official act and fail to abide or follow the rule of law. The district court erred in their ruling for the defendant's appellees when they stated that the affirmative defense of statute of limitations was an affirmative defense that could be raised by a pre-answer to dismiss under Rule 12b-6 without resort to the summary judgment procedure if the defense appears on the face of the complaint. The district court judge was incorrect because as in the state case, the defendant's appellee's affirmative defense claims of statute of limitations and the allowed asserted affirmative defense of collateral estoppel had expired and was waived as of May 25, 2014. The appropriate standard of review for this claim by this court over the district court's dismissal of my claim under Rule 12b-6 is de novo or plenary. The district court judge in violation of Rule 15a failed to grant me leave to amend my complaint in the interest of justice. The district court drew inferences from the defendant's appellees in direct conflict with Rule 12b-1 when he recommended dismissing the case for lack of subject matter jurisdiction, ignoring the plethora of new evidence such as affidavits, documents, and testimony. Our society cannot afford to allow lawless police officers and district attorneys to prevail, whereby eroding our rule of law and due process. Thank you. You were very articulate. Thank you. Thank you, Your Honor. May it please the Court, Deanna Panico from Be Ready Fishbine, Hatter and Donovan, here on behalf of the Freeport defendants, that being Ms. Zina Leftenant, Mr. Jason Zimmer, Mr. Richard Samuel, and Mr. Ray Horton. Your Honors, the issues that are raised by Ms. Red in this underlying litigation have been heard by no less than nine tribunals, including the First Department, the Second Department, and the Third Department in the New York State Appellate Division. Each of these tribunals has found that the village of Freeport had probable cause for Ms. Red's arrest. Furthermore, they found that Ms. Red made false allegations of stalking. For that reason, the issues that were raised by Ms. Red in the underlying litigation have been fully and fairly litigated, and Ms. Red's claims are therefore barred by collateral estoppel. In addition, Ms. Red's claims are also barred by the applicable three-year statute of limitations that applies to Section 1983 claims. Ms. Red was arrested in February of 2010 and did not commence the action in federal court until September of 2016. Thus, Ms. Red's claims are plainly barred. With respect to her argument regarding fraudulent concealment, Ms. Red has no support for that. And furthermore, it does not absolve Ms. Red of the statute of limitations in this instance. As Judge Bianco and Judge Locke pointed out in the lower court, Ms. Ms. Red did commence an Article 75 as well as a action in the New York State Supreme Court, both of those alleging false arrest, one of them being in 2011 and one of them being in 2012. So therefore, Ms. Red was well aware of her rights at that time and yet allowed the three-year statute of limitations to pass. And if there's no questions from the court, then I'll rest and allow the county to speak. Thank you. Thank you. May it please the court, Christy Kunzig from Nassau County. On behalf of the county appellees Megan Rudy and Patricia Wright, the lower court's decision has to be affirmed for three reasons, mainly statute of limitations, the 11th Amendment, and due to absolute prosecutorial immunity. So as we're over here, the appellant did file other suits and had the issues tried on multiple occasions. And even if we only looked at the Nassau Supreme Court case, which was filed in May of 2011, even if we started the clock running at that time, it would still go beyond the three-year statute of limitations prior to filing in the Eastern District. Again, to briefly touch on the issue of tolling, it's inapplicable here because the basis for the suit in Nassau County has a lot of the same issues and arises from the same transactions. So she was very aware of the basis for the claims and was clearly not prevented from exercising her rights as she did file in that case. Moving on to the 11th Amendment, which bars suits against a state and federal court. Cases have held that prosecutors are acting as part of the state and are an agent of the state and are therefore protected under the 11th Amendment in these situations. Moving toward absolute prosecutorial immunity, it applies when the prosecutor is acting in their role as a prosecutor. And as long as they are not acting outside of that role, they are protected under absolute prosecutorial immunity. Here, the record clearly shows that the prosecutors acted solely as prosecutors. And even if the allegations of Brady violations are to be taken as true, it would not take them outside of the absolute prosecutorial immunity. Additionally, there have been no allegations that they have acted outside their roles. In fact, the record is replete with allegations that they failed to act as investigators, which would take them outside of their roles. So based on statute of limitations, the 11th Amendment, and absolute prosecutorial immunity, the lower court's decision must be affirmed. If there are no further questions. Thank you. Thank you for your arguments. The court will reserve decision. The clerk will adjourn court.